```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Standard Fire Insurance Co.,     :
    Plaintiff,                   :
                                 :
                                 :
    v.                           :       File No.1:08-CV-258
                                 :
Deidre Donnelly,                 :
    Defendant.                   :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Document 7)

Before the Court is the motion of Attorney Kaveh S. Shahi, proceeding pro se, and by Attorney Shahi on behalf of Leslie Shahi to intervene pursuant to Fed. R. Civ. P. 24 in this declaratory judgment action brought originally by Standard Fire Insurance Company against its insured, Deidre Donnelly.

### Background

Attorney Kaveh Shahi and Leslie Shahi ("the Shahis") aver that they are the judgment creditors of Deidre Donnelly's husband, Daniel Madden, who is claimed to be the co-owner with Donnelly of a real estate parcel located on Densmore Hill Road in Woodstock. (Doc. 7). The judgment arises from a lawsuit filed in 2004 by the Shahis in the Windsor Superior Court for acts of trespass and vicious vandalism by Madden on their property. Madden and Donnelly were the neighbors of the Shahis on Densmore Hill Road. The

acts included the girdling[1] of trees on the Shahis' property, the poisoning of the family dog, leaving bullets around the Shahis' property and other acts of intimidation. Madden was the subject of both a criminal prosecution and a private civil action brought by the Shahis. Madden was convicted in the criminal case. In the civil action, Madden was found to be liable to the Shahis following trial by jury in the amount of $1.8 million. (Doc. 7-2). That verdict was affirmed by the Vermont Supreme Court. Shahi v. Madden, 2008 VT 25 (2008).

The Shahis now assert that intervention in this declaratory judgment action brought by Standard Fire against Donnelly is necessary under Rule 24 to protect their contingent interest in a second civil action presently ongoing in the Windsor Superior Court. That second state civil action seeks to hold defendant Donnelly jointly liable under theories of agency, negligent entrustment, and conspiracy for the earlier judgment obtained against her husband, Madden. (Doc. 1, Exhibit B). The Shahis also seek in that state court action a declaratory judgment which would void Madden and Donnelly's title to the property, now held by tenancy by the entirety, under a theory of a

---

[1] "Girdling" is a penetrating cut designed to kill a tree. Shahi v. Madden, 2008 VT 25.

fraudulent transfer designed to defeat the efforts of the Shahis to collect upon their judgment. That second action is pending. Plaintiff Standard Fire seeks a judgment in this federal civil action relieving it of any obligation to defend or indemnify Donnelly in the ongoing Windsor Superior Court action. (Doc. 1, p.4).

The Shahis' proposed Complaint in Intervention now before this Court seeks a declaration that Standard Fire is obligated to defend and indemnify Donnelly. It also includes a cause of action in tort for intentional infliction of emotional distress against Travelers Insurance Company, an affiliate of the plaintiff, for purportedly inciting and emboldening Madden. (Doc. 7-2).

## Discussion

The Federal Rules of Civil Procedure contemplates two avenues for third party intervention in an existing lawsuit, intervention as a matter of right and permissive intervention.

### A. Intervention as a Matter of Right

Federal Rule of Civil Procedure 24(a)(2) provides, in pertinent part, that third party intervention shall be permitted when a party:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability

3

> to protect its interest, unless existing parties adequately represent that interest.

Thus, a party may intervene as of right when that party (1) makes a timely application, (2) "claims an interest relating to the property or transaction which is the subject of the action," (3) "is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," and (4) the applicant's interest is not "adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). The Second Circuit has held that all four parts of this test must be met in order to satisfy the requirements of Rule 24(a)(2). See, e.g., <u>Washington Electric Cooperative, Inc., v. Green Mountain Power Corp.</u>, 922 F.2d 92, 96 (2d Cir. 1990).

In weighing these factors, the Court should keep in mind that:

> [t]he various components of the Rule are not bright lines, but ranges--not all "interests" are of equal rank, not all impairments are of the same degree, representation by existing parties may be more or less adequate, and there is no litmus test for timeliness. Application of the Rule requires that its components be read not discreetly, but together. A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation.. . . Finally, although the Rule does not say so in terms, common sense demands that consideration also be given to matters that shape a particular action or particular type of action.

United States v. Hooker Chemicals & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984). The Court of Appeals reviews a decision to grant intervention-whether by right or permissive intervention-for abuse of discretion. In Re Holocaust Victim Assets Litigation, 225 F.3d 191 (2nd Cir. 2000).

The intervenors here clearly meet the timeliness requirement of the test for intervention as a matter of right as their motion comes early in the litigation. Arguably the intervenors have an interest in seeing that Donnelly has insurance coverage in the real estate. Additionally, the intervenors meet the requirement of inadequate representation given that the insurance company is apparently providing representation for Donnelly in the state action and in view of the presumed acrimonious relationship between Donnelly and the intervenors in light of the allegations set forth in the Windsor County complaint.

Nevertheless, most courts agree that a purely economic interest in the outcome of the litigation is insufficient to support intervention. United States v. Alcan Aluminum Inc., 25 F.3d 1174 (3rd Cir. 1994). Thus, the interest of the intervenor must be a "direct, substantial, legally protectable interest in the proceedings." Washington Elec.

Co-op., Inc., 922 F.2d at 97, citing Donaldson v. United States, 400 U.S. 517 (1971); Liberty Mutual Insurance Company v. Pacific Indemnity Company, 76 F.R.D. 656 (W.D. Pa. 1977), citing, Hobson v. Hansen, 44 F.R.D. 18, 24 (D.D.C. 1968). The interest must be a present substantial interest as distinguished from a contingent interest or mere expectancy. H.L. Hayden Co. v. Siemens Medical Systems, Inc., 797 F.2d 85, 88 (2d. Cir. 1986); Restor-A-Dent Dental Laboratories, Inc. v. Certified Aloe Prods., Inc., 725 F.2d 871, 874 (2d. Cir. 1984; United States v. 936.71 Acres of Land, 418 F.2d 551, 556 (5th Cir. 1969). "(A)n interest, to satisfy the requirements of Rule 24(a)(2), must be significant, (and) must be direct rather than contingent . . . ,." In re Penn Central Commercial Paper Litigation, 62 F.R.D. 341, 346 (S.D.N.Y. 1974), aff'd per curiam, 515 F.2d 505 (2d Cir. 1975); Independent Petrochemical Corp. v. Aetna Casualty & Sur. Co., 105 F.R.D. 106 (D.D.C. 1985), aff'd, 784 F.2d 1131 (D.C. Cir. 1986)(holding that "a mere provable claim" does not amount to a sufficient interest for purposes of Rule 24(a)).

In Kheel v. American Steamship Owners' Mutual Protection & Indemn. Ass'n, 45 F.R.D. 281 (S.D.N.Y. 1968), five longshoremen who had filed negligence claims against a bankrupt shipping company sought to intervene under Rule

6

24(a) in an action for declaratory judgment brought by the trustees of the shipping company against its insurance carrier. By declaratory judgment, the trustees of the bankrupt shipping company sought a judicial determination of the insurance policy that the carrier was required to indemnify them for personal injury judgments or, in the alternative, to return the insurance premiums paid by the shipping company to the carrier. The longshoremen sought to intervene on the ground that the outcome of the declaratory judgment action would affect whether, and to what extent, any judgments they may recover in their personal injury actions against the shipping company would ever be satisfied. The district court held that the interests of the longshoremen were simply too contingent to satisfy the requirements of Rule 24(a) because their interest in intervention depended upon their winning judgments in the personal injury actions. Id. at 284.

Similarly here, the intervenors' interest in this action depends entirely upon the determination of their law suit now pending against Donnelly in the Windsor Superior Court. As such, their interest is a speculative, contingent interest and not one that is under the law direct and legally protectable. The Shahis argue that intervention will prevent multiplicity of lawsuits. That may very well

7

be true, but given that their interest is contingent on their prospective success against Donnelly in state court, intervention as a matter of right under Rule 24(a) is not warranted.

B. Permissive Intervention

Federal Rule of Civil Procedure 24(b) permits permissive intervention as well. The rule provides:

> On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Permissive intervention has universally been left to the sound discretion of the district court. National Wildlife Fed'n v. Rucklehaus, 99 F.R.D. 558 (D.N.J. 1983). In interpreting the requirements of Rule 24(b)(2), "the words 'claim or defense' have not been read in a technical sense." Brooks v. Flagg Brothers, Inc., 63 F.R.D. 409, 415 (S.D.N.Y. 1974)(citing 3B James Wm. Moore et al.; Nuesse v. Camp, 385 F.2d 694, 704 (D.C.Cir. 1967)('claim or defense' requirement of Rule has not been interpreted strictly)). Moreover, Rule 24(b) "plainly dispenses with the requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." Securities & Exch. Comm'n v. United States Realty &

Improvement Co., 310 U.S. 434, 459 (1940). However, a general interest in the action will not provide a basis for permissive intervention. 3B Moore's Federal Practice, ¶ 24.10[2] (2d ed. 1993).

Intervention under Rule 24(b) does require the presence of a question of law or fact that is in common with the main action. If the claim injects an entirely new issue into the case intervention should be denied. Jefferson County Savings Bank v. Caparra Gardens Highland Development Corp., 53 F.R.D. 178 (D.P.R. 1971). Here, the Shahis clearly have no commonality with the plaintiff nor the defendant. They are truly non-aligned in this action. Intervention is not appropriate where the intervenor does not seek to raise a defense to the plaintiff's claim but rather seeks intervention to assert a claim against the plaintiff. Medd v. Westcott, 61 F.R.D. 25 (N.D. Iowa 1963). The Shahis do in fact seek to introduce a new cause of action-intentional infliction of emotional distress-in the complaint. The Shahis allege in their complaint in intervention that Travelers Insurance Company and Attorney Ellis caused or contributed to the commission of Madden's crimes and that Travelers should be subject to punitive damages for their alleged malicious conduct. They allege that Travelers and Attorney Ellis, representing Donnelly in

the Windsor County action, have acted in concert with each other to defeat the intervenors' efforts at obtaining a stipulation of judgment and assignment by Donnelly of the policy benefits in favor of the Shahis.  (Doc. 7-2).  These allegations would radically alter the scope and complexion of the case, and giving rise to tort litigation that has no relation to the insurance coverage issues opened by the original complaint.  "Intervention cannot be used as a means to inject collateral issues into an existing action." Washington Elec., 922 F.2d at 97; Oneida Indian Nation of Wisconsin v. New York, 102 F.R.D. 445, 449 (N.D.N.Y. 1983)(intervention denied where it "may promote judicial economy..but at the expense of rendering the single lawsuit more complex and protracted").

    The Shahis have been the victims of criminal behavior by Madden, behavior which was described by the Vermont Supreme Court as a vicious campaign of harassment.  However the cause of action raised by means of the proposed complaint in intervention has no common issues of law or fact to the original declaratory judgment action brought by

the insurer.[2] Therefore, permissive intervention under Rule 24(b) should be denied.

## Conclusion

Based on the forgoing I recommend that the motion seeking intervention by Attorney Kaveh S. Shahi and Leslie Shahi under Rules 24(a) and 24(b) be denied.

Dated at Burlington, in the District of Vermont, this 25th day of February, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).

---

[2] At oral argument, counsel for defendant Donnelly suggested that in the event the intentional infliction of emotional distress claim was withdrawn Donnelly would not oppose intervention.  The plaintiff continues to assert opposition to intervention.  In any event (1) the Shahis' interest remains contingent and (2) this suggestion is not properly before the Court.